## Bell v. Monarch Lumber Corporation

*Richard W. Mutzabaugh,* for plaintiffs.
*John M. Wolford,* for defendant.

WOLFE, *P.J.,* August 16, 1976 — In this action plaintiffs sought relief against defendants for alleged breach of contract and in trespass for damages to plaintiffs' oil and gas lease. The parties had entered into an agreement wherein defendant Monarch Lumber Corporation had the right to cut

and remove timber on plaintiffs' land. Subsequent to the commencement of the action defendant brought in the additional defendant, who allegedly did the actual cutting and removing of the logs.

Unable to settle their differences at a pre-trial conference despite the court's explanation of the procedure to the parties in chambers, the case went to trial.

At a point in the trial where plaintiff had placed a witness, Mr. Joseph Heenan, on the witness stand to testify as to the damages to the leased roads and the cost of repair thereof due to the log cutting and skidding, an objection was made because plaintiffs, at that point, had not presented any evidence as to the value of the entire property and the proposed damage amount or cost of repair would be improper until the value of the premises was first before the jury. At this posture of the case and during research of the question during the lunch hour, without any court ruling on the objection, the parties entered into a settlement wherein defendants would pay $15,000 to plaintiffs. This stipulation was entered on the record in the Judge's Chambers on February 23, 1976, at 3:15 p.m.

On March 30, 1976, a petition was filed by plaintiffs to rescind the settlement stipulation and, after argument thereon, the court held an evidentiary hearing on July 12, 1976, wherein plaintiff Dorothy C. Bell testified the settlement was explained to her by counsel and she understood that they (plaintiffs) had no suit, that she was excited and never was involved in this type of court action before and thought that there was no cause of action and so believed but could not understand why, and the only choice left was to settle. Plaintiff T. Gordon Bell, her husband, who owns the prop-

erty by the entireties with his wife, testified he also was in the negotiations with his counsel together with his wife and he thought the settlement had to be made in that there was no suit. He did acknowledge he understood by the explanation of his counsel that the case could be started over again but he felt he could not afford the same payments made up to that point. He stated he did not understand his witness might not be allowed to testify as to the damages at that point.

In their petition to rescind both plaintiffs acknowledged that they received a full explanation of their problems, choices and avenues of approach from their attorney but due to their state of minds, they being distraught and unable to comprehend the avenues open to them, chose to settle in sheer desperation.

At no point do plaintiffs assert there was fraud or misrepresentation, or indeed, that there was any mistake notwithstanding mutual mistake. We can appreciate that parties who have not been familiar with court proceedings may be apprehensive in attending a trial. However, in this instance both parties were, in our opinion, above average intelligence in that plaintiff T. Gordon Bell is an engineer and both parties are college graduates, Dorothy C. Bell being employed as a psychiatric social worker. There is no doubt counsel fully explained the possibilities of a voluntary non-suit to his clients and although there may be some question whether Mrs. Bell fully grasped the concept of voluntarily terminating the action and commencing it over, there is no question her husband fully understood the options. Further, as a matter of law, if there were any question of receiving the damage witness' testimony prior to valuation of the premises, if indeed this was necessary under

our law, plaintiffs were in a full position to themselves testify as to the value of the premises, they being the owners thereof. Thus, considering all of the circumstances and the respective positions of the parties we cannot fairly conclude that there was any misrepresentation or that plaintiffs were placed at any disadvantage in their negotiations for settlement.

The law of this Commonwealth is that a compromise agreement may not be set aside by the courts in the absence of fraud, accident or mistake: Buffington v. Buffington, 378 Pa. 149, 106 A.2d 229 (1954); Univ. Bldrs. Sup., Inc. v. Shaler Highlands Corp., 405 Pa. 259, 175 A.2d 58 (1961).

In our opinion it would be improper to rescind the settlement stipulation based upon the arguments and supporting evidence before us and therefore we enter the following

## ORDER

And now, August 16, 1976, the petition of plaintiffs to rescind the settlement stipulation is denied.